1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   MARVIN DARNELL ORR,                          No.  2:14-cv-1251-EFB

11                  Plaintiff,

12          v.                                     ORDER

13   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security
14
                    Defendant.
15

16

17          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

18   ("Commissioner") finding that he was not eligible to receive the Supplemental Security Insurance

19   ("SSI") benefits that he was previously paid.  The parties' cross-motions for summary judgment

20   are pending.  For the reasons discussed below, plaintiff's motion is denied and the

21   Commissioner's motion is granted.

22   I.     BACKGROUND

23          Plaintiff was previously found to be eligible to receive SSI under Title XVI of the Social

24   Security Act.  Administrative Record ("AR") 41.  However, it was subsequently determined that

25   he did not meet the resource limitations of the Act for entitlement to SSI.  Specifically, Social

26   Security Administration ("SSA") concluded that plaintiff's financial resources exceeded the

27   amount permitted by the agency's regulations due to plaintiff becoming the beneficiary of a

28   special needs trust. AR at 108-109.  Thus, on June 18, 2013, the SSA issued a Notice of

                                                    1

Overpayment, notifying plaintiff that he was not entitled to receive SSI for the months of December 2012 through June 2013 due to excessive resources. *Id*. at 80-88; *see* 20 C.F.R. § 416.1205 (providing limitation on resources for eligibility for SSI). Plaintiff was also informed that his monthly SSI payments would cease. AR at 99-109.

The SSA upheld its determination on reconsideration. *Id*. at 111-114. Plaintiff then requested a hearing, which was held before administrative law judge ("ALJ") David Blum. *Id*. 193-203. The ALJ issued a fully favorable decision, finding that plaintiff's special needs trust met the Medicaid trust exception provided in 42 U.S.C. § 1396p[1] and was therefore not a countable resource. *Id*. at 41-43. However, the Appeals Council subsequently reopened plaintiff's case, *id*. at 33-37, and, on June 17, 2014,[2] issued a decision finding that plaintiff's special needs trust was not exempt from resource counting. *Id*. at 6-8. The Appeals Council concluded that the trust did not satisfy the Medicaid trust exception because (1) the trust could be terminated during plaintiff's lifetime and the assets distributed to someone other than plaintiff and therefore was not for the sole benefit of the beneficiary, and (2) the language of the trust did "not specify that the State is the first payee upon termination of the trust." *Id*. at 6-7.

Plaintiff now seeks review of the Appeals Council's decision. ECF No. 1 at 1.

/////

/////

/////

/////

---

[1]   42 U.S.C. 1369p(d)(4)(A) and (C) set forth exceptions to the general rules that trust assets count as income and resources for purposes of Medicaid eligibility. These exceptions are also SSI exceptions to resource counting, but are still commonly referred to as Medicaid exceptions in the SSI context. *See* Program Operations Manual System ("POMS") SI 01120.203(A).

[2]   The Appeals Council originally issued a decision finding the trust not exempt from resource counting on March 20, 2014. AR 30-32. On May 21, 2014, plaintiff timely filed in this court her complaint seeking review of the March 20 decision. ECF No. 1. On June 17, 2014, after plaintiff initiated this action, the Appeals Council reissued its decision, again finding that the trust was not exempt. AR 6-8. The only difference between the two decisions is that the latter acknowledges that plaintiff's representative submitted a letter briefing the issues before the Appeals Council.

1   II.      LEGAL STANDARDS

2           The Commissioner's decision will be upheld if the findings of fact are supported by

3   substantial evidence in the record and the proper legal standards were applied.  *Schneider v.*

4   *Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the*

5   *Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th

6   Cir. 1999).

7           The findings of the Commissioner as to any fact, if supported by substantial evidence, are

8   conclusive.  *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is

9   more than a mere scintilla, but less than a preponderance.  *Saelee v. Chater*, 94 F.3d 520, 521 (9th

10  Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to support a

11  conclusion.'" [3]  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v.*

12  *N.L.R.B.*, 305 U.S. 197, 229 (1938)).

13  III.     ANALYSIS

14          Plaintiff challenges the Commissioner's determination that his special needs trust did not

15  satisfy the exception to resource limitation provided in 42 U.S.C. 1396p(d)(4)(A).  ECF No. 17.

16          SSI is needs-based program.  To be eligible for benefits, a claimant must satisfy a

17  financial need requirement.  A married individual cannot have more than $3,000 in countable

18  resources.  42 U.S.C. § 1382(a)(3);  20 C.F.R. § 416.1205(c).  Countable resources are defined as

19  "cash or other liquid assets or any real or personal property that an individual (or spouse, if any)

20  owns and could convert to cash to be used for his or her support and maintenance.  20 C.F.R.

21  § 416.1201.  Generally, a trust is a countable resource for determining eligibility for SSI.

22  /////

23  /////

24  /////

25  /////

26

27          [3]  Although the issue before the court differs from the traditional case seeking review of
    the denial of benefits, the parties do not dispute that the substantial evidence standard applies to
28  the instant dispute.

1   42 U.S.C. § 1382b(e); *see also* Program Operations Manual System ("POMS") SI

2   01120.201(A)(1), (B)(1).[4]  However, there is an exception to this rule for irrevocable special

3   needs trusts that meet certain criteria.  42 U.S.C. § 1396p(d)(4)(A); POMS SI 01120.203.

4       A trust is not considered a countable resource for purposes of SSI eligibility if it a "trust

5   containing the assets of an individual under age 65 who is disabled . . . and which is established

6   for the benefit of such individual by a parent, grandparent, legal guardian, or court if the State

7   will receive all amounts remaining in the trust upon the death of such individual up to an amount

8   equal to the total medical assistance paid on behalf of the individual under a State plan . . . ."  42

9   U.S.C. § 1396p(d)(4)(A); *see also* POMS SI 01120.203.

10      Neither party disputes that plaintiff is a disabled individual under the age of 65 and that

11   the trust was established by a court.  The parties, however, disagree over whether the special

12   needs trust provides that upon termination of the trust the State will receive all amounts remaining

13   in the trust up to an amount equal to the total medical assistance paid on behalf of plaintiff under

14   a State plan, and whether the trust was create for the sole benefit of plaintiff.  ECF No. 17 at 4-7;

15   ECF No. 23 at 2.  Plaintiff also contends that if the court finds the trust is not excepted from

16   resource counting, he should be granted leave to amend the trust to align with the requirements of

17   42 U.S.C. § 1396p(d)(4)(A).  ECF No. 17 at 7.

18      A.  State Medical Assistance Reimbursement Requirement

19      For a trust to be exempt from resource counting, it must provide that "the State will

20   receive all amounts remaining in the trust upon the death of such individual up to an amount

21   equal to the total medical assistance paid on behalf of the individual under a State plan . . . ."  42

22   U.S.C. § 1396p(d)(4)(A).  The agency's POMS interpreting this statute states that:

23   /////

24

25      [4]  The SSA's POMS is an internal agency document used by the agency's employees to
process claims.  "POMS may be 'entitled to respect' . . . to the extent it provides a persuasive

26   interpretation of an ambiguous regulation, but it does not impose judicially enforceable duties on
either this court of the ALJ."  *Carillo-Yeras v. Astrue*, 671 F.3d 731, 735 (9th Cir. 2011)

27   (citations and some quotations omitted); *see also Christensen v. Harris Cnty.*, 529 U.S. 576
(2000) (an agency manual's interpretations of a statute can be relied on "only to the extent that

28   those interpretations have the 'power to persuade.'").

> To qualify for the special needs trust exception, the trust must contain specific language that provides that upon the death of the individual, the State(s) will receive all amounts remaining in the trust, up to an amount equal to the total amount of medical assistance paid on behalf of the individual under the State Medicaid plan(s).  The State(s) must be listed as the first payee and have priority over payment of other debts and administrative expenses
> . . . .

POMS SI 01120.203(B)(1)(h).

The Appeals Council's decision found that the trust language did not comply with POMS SI 01120.203(B)(1)(h), quoting language from Article Three, Paragraph D ("Paragraph D") of the trust.  AR 7.  That section of the trust provides that "[o]n the death of the beneficiary or other termination of this trust, the trustee may in the trustee's discretion, pay any death taxes attributable to any part of the trust estate or otherwise, last illness and funeral expenses, and expenses related to administration or distribution of the trust estate if, in the trustee's opinion, the other satisfactory provisions have not been made for the payment of these expenses."  *Id*. at 55, 153, 154.

Plaintiff does not challenge the Appeals Council's finding that the State must be the first payee upon termination of the trust to be exempt from resource counting under 42 U.S.C. § 1396p(d)(4)(A).  Rather, plaintiff contends that when viewing the trust instrument in its entirety, the only reasonable interpretation is that upon termination of the trust the trustee is required to reimburse the Medicaid program prior to making any other distributions.  ECF No. 17 at 6.

Plaintiff's argument relies on Article Three, Paragraph B of the trust document.  That section states that it is the intent of the trustor that the trust "shall not be construed as an available resource to the beneficiary under" 42 U.S.C. § 1369p(d)(4)(A).  *Id*. at 54-55.  That paragraph further provides that "the trustee is directed on the death of the beneficiary, or other termination of the trust, to satisfy from the balance of the trust assets all proper State claims for reimbursement for medical assistance paid on behalf of the beneficiary under a State plan, up to an amount equal to the total medical assistance paid."  *Id*. at 55.

/////

5

1    Plaintiff argues that because in Paragraph B the trustee is "directed" to reimburse the State

2    for medical costs but in Paragraph D all payments are at the trustee's "discretion," the State, as a

3    mandatory payee, has priority over subsequent discretionary payees.  ECF No. 17 at 6.  Plaintiff

4    contends that a different interpretation would render meaningless the intention that the trust fall

5    within the exception delineated in 42 U.S.C. § 1396p(d)(4)(A).[5]  *Id.*

6    The problem with plaintiff's argument is that the trust does permit the trustee, upon

7    plaintiff's death, to pay other parties before making payments to the state for reimbursement of

8    medical assistance.  While the trust does direct the trustee upon termination of the trust to

9    reimburse the state for medical assistance paid on plaintiff's behalf, it simply fails to state that

10   that those payments must be made prior to any other distributions.  As observed by the Appeals

11   Council, the trust permits the trustee to "pay any death taxes attributable to any part of the trust

12   estate or otherwise, last illness and funeral expenses related to administration or distribution of

13   the trust estate . . . ."  AR 7, 153, 154.  The trust does not state that these discretionary payments

14   may be made only after payments are made under Paragraph B.  Instead, the language of the trust

15   authorizes the trustee, in his discretion, to pay other expenses prior to reimbursing the state.

16   Thus, the trust does not require that "the State will receive *all amounts* remaining in the trust

17   upon the death of such individual up to an amount equal to the total medical assistance paid on

18   behalf of the individual under a State plan."  42 U.S.C. § 1396p(d)(4)(A) (emphasis added).

19   Accordingly, the Appeals Council's finding that the trust does not meet the requirements

20   of 42 U.S.C. 1396p is supported by substantial evidence in the record and is not clearly erroneous

21   or contrary to law.  Therefore, it must be upheld.

22   /////

23
24   [5]  Plaintiff also claims that "California Probate Code section 3605(f) makes it clear that
     Medicaid claims are to be paid and treated as preferred claims prior to any other distribution."
     ECF No. 17 at 6. Section 3605(f) provides that the California Department of Health Services has
25   four months from the notice of the trusts termination to make a claim with the trustee, and where
     the trust assets are distributed prior to the expiration of the four month period, the department
26   "has a claim against the distributes . . . ."  Cal. Prob. Code § 3605 (f).  Although this section
     creates a cause of action to obtain reimbursement from distributes, nothing in this section
27   prohibits a trust from granting the trustee authority to make payments to another before
     reimbursing the state.  Thus, this statute provides little assistance to plaintiff's position.
28

1    B.  Sole benefit

2         The Appeals Council also found that plaintiff's trust did not satisfy the exception provided

3    in 42 U.S.C. § 1396p(d)(4)(A) because it was not established for the sole benefit of plaintiff.  AR

4    6-7.

5         To meet the exception, a special needs trust must be "established for the benefit of [the

6    disabled individual]."  42 U.S.C. § 1396p(d)(4)(A).  The SSA has interpreted this language to

7    require the trust be established for the sole benefit of the disabled individual.  POMS SI

8    01120.203(B)(1)(e).  A trust is established for the sole benefit of the individual "if the trust

9    benefits no one but that individual, whether at the time the trust is established or at any time for

10   the remainder of the individual's life."  POMS SI 01120.201(F)(2)(a).  Any provisions that "allow

11   for termination of the trust prior to the individual's death and payment of corpus to another

12   individual or entity (other than the State(s) or another creditor for payment for goods or services

13   provided to the individual), will result in disqualification for the special needs trust exception."

14   *Id*.; *see also* POMS SI 01120.199(F)(1) ("[A]fter reimbursement to the State(s), all remaining

15   funds are disbursed to the trust beneficiary.") (emphasis omitted).

16        As the Appeals Council explained, the trust permits the trustee to terminate the trust

17   during plaintiff's lifetime and distribute remaining trust assets to someone other than plaintiff.

18   Article Three, Paragraph C provides as follows: "Despite any contrary provisions in this trust, if

19   the existence of this trust has the effect of rendering the beneficiary ineligible for SSI, . . . the

20   trustee may, but need not, terminate this trust in whole or in part."  AR 55.  The trust provides

21   that if it is terminated during plaintiff's lifetime, the trustee shall distribute the trust assets "as the

22   beneficiary may direct by exercise of a special power of appointment to any one or more persons

23   or entities . . . ."  *Id*. at 54-55.  It also states that "[i]t is the intent of [the] trust that if it terminates

24   during the beneficiary's lifetime . . . the distributee shall conserve, manage, and distribute the

25   proceeds of the former trust estate for the benefit of the former beneficiary . . . . This request is

26   precatory, not mandatory."  *Id*. at 55

27        Plaintiff does not, indeed cannot, challenge the Appeals Council's finding that this

28   language permits early termination and distribution of assets to individuals other than plaintiff.

1   Instead, plaintiff argues that the provision permitting early termination is void and unenforceable

2   because it is inconsistent with California Probate Code section 3604.  ECF No. 17 at 6-7.

3   Plaintiff contends that section "3604 provides the statutory authority for terminating a special

4   needs trust prior to the death of the beneficiary" and that the termination provision in trust is

5   "void as not being a termination provision permitted under California law."  *Id*. at 7.

6       Section 3604 governs the establishment and maintenance for a special needs trust.  Under

7   that section, "a special needs trust may be established and continued only if the court determines

8   that the incompetent person has a disability that substantially impairs the individual's ability to

9   care for himself or herself and constitutes a substantial handicap, the incompetent person is likely

10  to have special needs that will not be met without the trust, and the money to be paid to the trust

11  does not exceed the amount that appears reasonably necessary to meet the special needs of the

12  incompetent person."  *Shewry v. Arnold*, 125 Cal. App. 186, 194 (2004) (citing Cal. Prob. Code

13  3604(b)).  If at any time any of these requirements are no longer satisfied and there is a claim for

14  Medicaid reimbursement, the appropriate entity seeking reimbursement "may petition the court

15  for an order terminating the trust."  Cal. Prob. Code 3604(c).  While this section permits an

16  agency seeking Medicaid reimbursement to petition a court for an order terminating a trust that no

17  longer satisfies the minimum requirements for a special needs trust, it does not--as plaintiff

18  contends--purport to provide the sole statutory basis for terminating a trust during a beneficiary's

19  lifetime, and plaintiff cites to no authority to support that proposition.  Furthermore, plaintiff's

20  argument in that regard is beside the point.

21      Even if the trust's early termination provision renders it void and unenforceable under

22  California Probate Code section 3604, that does not cure the trust's defect and somehow cause it

23  to qualify under the exception to the resource limitations under the Social Security Act.  Plaintiff

24  still must amend the trust to omit the offending provision.  *See* POMS SI 01120.227(D)(2)

25  (requiring a trust to meet the exception requirements of 42 U.S.C. § 1396p(d)(4)(A), "without

26  regard to the presence of a null and void clause.  Trust provisions that fail to meet the

27  [requirements] must be amended or removed, in order not to count as a resource.").

28  /////

1    Accordingly, the Appeals Council finding that plaintiff's special needs trust did not meet

2    the exception to resource counting provided in 42 U.S.C. § 1396p(d)(4)(A) is supported by

3    substantial evidence and is not clearly erroneous or contrary to law.

4        C.  Leave to Amend the Special Needs Trust

5    Plaintiff requests that if the court determines that his special needs trust is a countable

6    resource, the matter be remanded to the SSA with instructions to allow plaintiff 90 days to amend

7    the trust to satisfy the requirements of the Medicaid trust exception.  ECF No. 17 at 7-9.

8    SSA's POMS, which the Commissioner relies on in this case, provides that where a trust

9    was found excepted from resource counting under 42 U.S.C. § 1396p(d)(4)(A), but later found to

10   not satisfy the exception's requirements, the trust "shall continue to be excepted from resource

11   counting, provided the trust is amended to conform with the requirement of [42 U.S.C.

12   § 1396p(d)(4)(A)] within 90 days.  POMS SI 01120.199(A)(2).  The 90 day period begins to run

13   the day the recipient or his representative is informed that the trust contains provisions that must

14   be amended to remain in compliance with the exception requirements.  *Id*.  If the trust fails to

15   meet the Medicaid exception requirements after the 90-day period, the trust will be counted as a

16   resource.  *Id*.

17   On September 5, 2013, an ALJ determined that plaintiff's trust satisfied the requirements

18   of the Medicaid reimbursement exception and was therefore not a countable resource.  AR 38-43.

19   The decision provided that if plaintiff did not appeal the ALJ's decision "and the Appeals Council

20   does not" review it on its own, the decision would become final.  *Id*. at 39; *see* 20 CFR

21   416.1469(a) ("Anytime within 60 days after the date of a decision or dismissal that is subject to

22   review under this section, the Appeals Council may decide on its own motion to review the action

23   that was taken in your case.").  The Appeals Council did not issue a Notice of Review within 60

24   days of the ALJ's decision.  However, on February 18, 2014, the Appeals Council notified

25   plaintiff that his case was being reopened based on its determination that the ALJ erred in finding

26   that his trust was exempt from resource counting.  *Id*. at 33-37.

27   In response to that notification, plaintiff timely submitted a letter to the Appeals Council,

28   dated March 19, 2014, arguing that his trust satisfies the requirements of section 1396p(d)(4)(A)

1    and, alternatively, that "the trustee should be afforded a 90 day grace period in which to amend

2    the trust" to comply with the requirements of the Medicaid reimbursement exception.  *Id*. at 20-

3    26.  The letter further provided that the "trustee in this instance is requesting that the court modify

4    the trust . . . and it is expected that the court will do so within 90 days of the Notice of Appeals

5    Council Action . . . ."  *Id*. at 26.

6         Despite plaintiff's request for 90 days to amend his special needs trust to conform with the

7    Medicaid reimbursement exception, on March 20, 2014, the Appeals Council issued its decision

8    finding that plaintiff's trust was a countable resource.  *Id*. at 27-32.  That request was ignored.

9    Not only did the decision not address plaintiff's request, but it erroneously stated that no

10   comment or evidence was received in response to the notice reopening plaintiff's case.  The

11   decision also notified plaintiff that it was the final decision of the Commissioner in his case, and

12   that if he disagreed with the decision his recourse was to file a civil action.  *Id*. at 27.

13        On March 25, 2014, plaintiff submitted a letter to the Appeals Council, notifying the

14   Appeals Council that he timely submitted a letter on April 19, and requesting that it reconsider its

15   decision.  With no response from the Appeals Council, plaintiff was left with little choice but to

16   initiate this action on May 21, 2014.  ECF No. 1; *see* 42 U.S.C. 405(g) (requiring a civil action

17   challenging the Commissioner's final decision to be initiated within 60 days of the decision).

18   Thereafter, the Appeals Council reissued its decision, acknowledging plaintiff's April 19 letter,

19   but again finding that plaintiff's trust was a countable resource.  AR 3-8.  Like the prior decision,

20   this decision made no mention of plaintiff's request to amend the trust.  *Id*.

21        Thus, the record establishes that plaintiff's special needs trust was determined to be

22   exempt from resource counting by the ALJ on September 5, 2013.  *Id*. at 41-43.  More than five

23   months passed before the Appeals Council notified plaintiff that it was reopening his case based

24   on its determination that the ALJ erred in finding that his trust satisfied the Medicaid

25   reimbursement exception.  *Id*. at 33-37.  Notwithstanding the Appeals Council finding that the

26   ALJ had erred, the trust was "to be excepted from resource counting, provided the trust [was]

27   amended to conform with the requirements of [42 U.S.C. § 1396p(d)(4)(A)] within 90 days."

28   POMS SI 01120.199(A)(2).  On April 19, 2014, plaintiff timely notified the Appeals Council of

his intent to modify the trust to conform with the requirements of the Medicaid reimbursement exception. However, the following day the Appeals Council issued its decision, which it labeled as the final decision of the Commissioner, finding that the trust did not satisfy the exception and was therefore a countable resource. The Appeals Council's actions deprived plaintiff of the opportunity to amend his trust to satisfy the requirements of section 1396p(d)(4)(A), an opportunity that is authorized by the SSA's own internal policy manual which the Commissioner urges the court to apply in this case.

The Commissioner argues that remand is inappropriate as the 90-day amendment period expired in May 2014, and plaintiff failed to provide any evidence that he or his representative amended the trust. ECF No. 23 at 7. This argument ignores entirely the procedural history of plaintiff's administrative appeals and, more specifically, the Appeals Council's March 20, 2014 decision. In that decision the Appeals Council determined that plaintiff's trust did not satisfy the Medicaid exception and was therefore a countable resource, notified plaintiff that the decision was the final decision of the Commissioner, and also informed plaintiff that his remaining recourse was to seek review of that decision in this court. *Id*. at 27-32. Thus, the SSA, despite having notice that of plaintiff's intention to amend the trust, completely deprived plaintiff of his opportunity to bring his trust into compliance with 42 U.S.C. § 1396p(d)(4)(A).

Accordingly, the court finds that remand is appropriate to provide plaintiff an opportunity to amend his trust as contemplated by POMS SI 01120.199(A)(2).[6]

IV.   CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

/////

---

[6] In a footnote, the Commissioner notes that it "is unclear whether Plaintiff would have the ability to amend the trust now that its assets are exhausted." ECF No. 23. At 8 n.4. That issue is not before this court. Furthermore, whether the trust can be amended is a matter better suited for resolution by the state court.

1        4.  The Clerk is directed to enter judgment in plaintiff's favor.

2   DATED:  March 30, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE